IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**DARRELL GENE WARD,**
       **Petitioner,**

vs.                                Case No.  5:07cv4/RS/MD

**CHARLES GERMANY, et al.,**
       **Respondents.**

---

## REPORT AND RECOMMENDATION

This cause is before the court upon petitioner filing a document titled "Motion for Order of Injunction Against Respondents," (doc. 30), which the court construes as a motion for temporary restraining order.

Petitioner, an inmate of the Florida penal system, is currently incarcerated at Calhoun Correctional Institution.  He has brought a habeas corpus petition under 28 U.S.C. § 2254 challenging the Florida Parole Commission's ("FPC") setting of his Presumptive Parole Release Date ("PPRD") for July 9, 2048 (doc. 1).  As relief, petitioner seeks a declaration that the FPC's actions were unconstitutional, an order reinstating his recommended PPRD, and immediate release on parole.  The FPC and the Florida Department of Corrections have responded to the petition (docs. 16, 20), and petitioner has replied (doc. 31).  Contemporaneously with the filing of his reply, petitioner filed the instant motion for temporary restraining order, stating that his reply has exposed "fraudulent testimony, statement(s), and/or material(s)" by the FPC, and that petitioner now fears retaliation for reporting such fraud.

Granting or denying a temporary restraining order or preliminary injunction rests in the discretion of the district court.  ***Carillon Importers, Ltd. v. Frank Pesce***

Case 5:07-cv-00004-RS-MD   Document 32   Filed 07/06/07   Page 2 of 3

*Page 2 of  3*

*Intern. Group Ltd.*, 112 F.3d 1125, 1126 (11th Cir. 1997) (citing *United States v. Lambert*, 695 F.2d 536, 539 (11th Cir. 1983)); *Johnson v. Radford*, 449 F.2d 115 (5th Cir. 1971).  The district court must exercise its discretion in the light of whether:

>   1.  There is a substantial likelihood that plaintiff will prevail on the merits;
>
>   2.  There exists a substantial threat that plaintiff will suffer irreparable injury if the injunction is not granted;
>
>   3.  The threatened injury to plaintiff outweighs the threatened harm injunction will do to the defendant; and
>
>   4.  The granting of the preliminary injunction will not disturb the public interest.

*CBS Broadcasting, Inc. v. Echostar Communications Corp.*, 265 F.3d 1193, 1200 (11th Cir. 2001); *Siegel v. LePore,* 234 F.3d 1163, 1176 (11th Cir. 2000); *Johnson v. United States Dep't of Agric.*, 734 F.2d 774 (11th Cir. 1984); *Canal Auth. of State of Florida v. Callaway*, 489 F.2d 567 (5th Cir. 1974).  "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the burden of persuasion as to the four requisites."  *All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp.*, 887 F.2d 1535, 1537 (11th Cir. 1989) (quotations omitted).

> Further, the purpose of preliminary injunctive relief is to preserve the status quo between the parties and to prevent irreparable injury until the merits of the lawsuit itself can be reviewed.  *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994); *All Care Nursing*, 887 F.2d at 1537; *United States v. State of Alabama*, 791 F.2d 1450, 1457 n.9 (11th Cir. 1986), *cert. denied*, 479 U.S. 1085, 107 S.Ct. 1287, 94 L.Ed.2d 144 (1987).  This necessitates that the relief sought in the motion be closely related to the conduct complained of in the actual complaint.  *Devose*, 42 F.3d at 471; *Penn v. San Juan Hosp.*, 528 F.2d 1181, 1185 (10th Cir. 1975).  Also, the persons from whom the injunctive relief is sought must be parties to the underlying action.  *See In re Infant Formula Antitrust Litigation, MDL 878 v. Abbott Laboratories*, 72 F.3d 842, 842-43 (11th Cir. 1995).

Petitioner has failed to meet the prerequisites for obtaining injunctive relief in this case. His allegation that he fears future retaliation is wholly conclusory and speculative in nature. He offers nothing factual to support this claim. Therefore, he clearly has not demonstrated that there exists a substantial threat of irreparable injury.

Accordingly, it is respectfully RECOMMENDED:

That petitioner's "Motion for Order of Injunction Against Respondents," (doc. 30), construed as a motion for temporary restraining order, be DENIED.

At Pensacola, Florida, this 6th day of July, 2007.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>. A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).